UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Hugh Mingo**, #84022-020, | ) C/A No. **2:05-523-18AJ** |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| **Ruth Yancey; and** **The United States of America**, | ) |
| Respondents. | ) |

## INTRODUCTION

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court by a federal prison inmate, *pro se*.[1]  Petitioner is currently incarcerated at FCI-Williamsburg, which is located in Salters, South Carolina.

In 1993, Petitioner was convicted on federal drug-related charges in the United States District Court for the Middle District of Georgia (sentencing court).  He was given a 300-month prison sentence by that same court, and his direct appeal to the Eleventh Circuit Court of Appeals resulted in the affirmance of his convictions and sentences in October 1995.  *See* Mingo v. U.S., Case no. 93-8543.  Plaintiff's initial § 2255 motion to vacate was filed in the sentencing court in September 1997 and was dismissed due to untimeliness in February 1998.  *See* Mingo v. U.S.A., Civil Action No. 5:97-cv-00609-WDO.  He was denied a certificate of appealability on this § 2255 motion in October 1998, and then Petitioner filed an unsuccessful post-trial motion for re-sentencing and a second § 2255 motion to vacate, *see* Mingo v. U.S.A., Civil Action No. 5:00-cv-00372-WDO,

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

in the sentencing court between May 2000 and January 2001. In his answers to this Court's special interrogatories in this case (Document 3, answer 1), Plaintiff admits that he did not request permission from the Eleventh Circuit to file another § 2255 motion in the sentencing court before he filed the § 2241 Petition in this case. In response to a special interrogatories seeking an explanation of why Petitioner has not requested permission to file a successive § 2255 motion, Petitioner states, "Time barred by the AEDPA for filing a constitutional issue that was not made retroactively [sic] for collateral review." (Document 3, answer 3).

## PRO SE REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court

can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

## **DISCUSSION**

By the instant habeas corpus action, Petitioner seeks to challenge his 300-month sentence on the basis of recent United States Supreme Court decisions which he does not cite to within his Petition. In light of the timing and contents of his Petition and accompanying memorandum, it is reasonable to infer that Petitioner is, in fact, claiming that the recent changes in federal sentencing procedures announced in Blakely v. Washington, --- U.S. ----, 124 S.Ct. 2531 (2004), and United States v. Booker, --- U.S. ----, 125 S.Ct. 738 (2004) should be applied to his case even though his convictions and sentences were entered in 1993, over ten years before the issuance of the Blakely and Booker opinions.[2] Specifically, Petitioner contends his 300-month sentence was unconstitutionally enhanced under the federal sentencing guidelines in effect at the time of sentencing. He claims that the sentencing judge improperly engaged in improper fact-finding in reliance on the Pre-Sentencing Investigation (PSI) report that was prepared in his case. (Petition at 2-3.)

The threshold question in this case is whether Petitioner's claim is properly raised in this Court through a § 2241 habeas petition. Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See* In re Jones, 226 F.3d 328, 334 (4th Cir. 2000); In re Dorsainvil, 119 F.3d

---

[2] Both cases arose in the federal sentencing context and essentially reaffirm the holding in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."

245, 249 (3d Cir. 1997). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See* Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits). According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994).

Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence only if he can satisfy the mandates of the so-called § 2255 "savings clause." *See* Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *See* Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is settled in this circuit that the possibility that a second § 2255 petition filed by a prisoner might be found untimely or successive does not render the § 2255 remedy inadequate or ineffective. *See* In Re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)(*en banc*).[3]

In this case, Petitioner attempts to argue that the § 2255 remedy is inadequate and ineffective because, according to Petitioner, the limitations placed on the filing of successive petitions under the AEDPA are unconstitutional. He contends that the AEDPA limitations violate the United States

---

[3] *See also* In re Jones, 226 F.3d at 333. *Accord* Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999); Tanksley v. Warden, 2000 WL 1140751(6th Cir., Aug 08, 2000) (unpublished opinion); Ward v. Snyder, 2000 WL 1871725 (6th Cir., Dec 12, 2000)(unpublished opinion); Gonzales v. Snyder, 2000 WL 636908 (8th Cir., May 18, 2000)(same); Elzie v. Pugh,1999 WL 734453 (10th Cir., Sept. 21, 1999)(same); Onaghise v. Bailey, 1999 WL 613461 (9th Cir., Aug 12, 1999)(same).

Constitution because that they prevent prisoners from raising cases decided after the entry of the prisoners' convictions and sentences on collateral review of those convictions and sentences. Petitioner's contentions in this regard are unavailing. Other federal courts have consistently refused to declare the AEDPA and its limits on successive petitions unconstitutional. *See* Felker v. Turpin, 518 U.S. 651 (1996); Swain v. Pressley, 430 U.S. 372, 381(1977); Tinker v. Moore, 255 F.3d 1331 (11th Cir. 2001); Reyes-Requena v. U.S., 243 F.3d 893, 901 n. 19 (5th Cir. 2001); Miller v. Marr, 141 F.3d 976 (10th Cir. 1998).

Furthermore, Petitioner cannot, in good faith, claim that the § 2255 is "inadequate or ineffective" in his case in any other respect because he has failed to pursue his Blakely/Booker sentencing claim through available procedural channels. Section 2255, coupled with 28 U.S.C. § 2244, provides a mechanism under which a prisoner who has previously filed an unsuccessful § 2255 motion may, under specific circumstances, later obtain permission to file a second § 2255 from the Court of Appeals for the circuit in which the sentencing court sits.[4]  However, it appears that

---

[4]28 U.S.C. § 2255 in pertinent part provides:

A second or successive motion must be certified *as provided in section 2244* by a panel of the appropriate court of appeals to contain--
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, *made retroactive to cases on collateral review by the Supreme Court*, that was previously unavailable.
(emphasis added)

28 U.S.C.A. § 2244(3)-(4), in turn, provides:

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
    (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
    (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

Petitioner failed to avail himself of this avenue for pursuit of a successive § 2255 in which he might more properly raise the sentencing issues he seeks to raise in this Court via § 2241. (Document 3, answer 1)(Petitioner admits he did not seek permission for a successive § 2255). Before filing this § 2241 Petition, Petitioner should have requested permission from the Eleventh Circuit to file another § 2255 motion in order to properly raise his claim.

     Petitioner's answers to the Court's Special Interrogatories indicate that he believes that a successive § 2255 motion is unavailable due to non-retroactivity of the law that he now claims should invalidate his sentence. (Document 3, answer 3). However, the Supreme Court's Blakely and Booker opinions were actually silent on the issue of retroactivity. In fact, as of the time of preparation of this Report, the Fourth Circuit Court of Appeals has not yet made any definitive ruling on whether or not Blakely and/or Booker may be applied retroactively to cases on collateral review.[5] Since the United States Supreme Court did not expressly hold that its decisions in Blakely and Booker are retroactive, this case is controlled by In Re Vial, 115 F.3d at 1194-98. In that case, the Fourth Circuit ruled that a state or federal prisoner must seek relief from the applicable Court of Appeals to file a successive petition under 28 U.S.C. § 2254 or 28 U.S.C. § 2255. In Vial, the

---

    (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
    (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

[5] Other federal courts, however, have begun to make such rulings. *See, e.g.*, U.S. v. Price, NO. 04-7058, 2005 WL 535361 (10th Cir., Mar 08, 2005)(2255); Varela v. U.S., NO. 04-11725, 2005 WL 367095 (11th Cir., Feb 17, 2005)(2255); Cooper-Smith v. Palmateer, 397 F.3d 1236 (9th Cir. 2005)(2254); In re Anderson, 396 F.3d 1336(11th Cir. 2005)(Booker not a ground for successive 2255); In re Dean, 375 F.3d 1287(11th Cir. 2004)(same; Blakely); Lindsey v. Jeter, 2005 WL 550380 (N.D. Tex., Mar 08, 2005)(2241); Thomas v. Jeter, NO. CIV.A. 4:04-CV-801-Y, 2005 WL 623503 (N.D.Tex., Mar 16, 2005)(2241).

Court of Appeals ruled that a state or federal prisoner hoping to benefit from a recent United States Supreme Court decision which allegedly resulted in a change of law affecting his conviction or sentence must seek relief from the applicable Court of Appeals to file a successive petition under 28 U.S.C. § 2254 or 28 U.S.C. § 2255.

Since the challenge to the validity of his sentence that Petitioner seeks to raise in this case is cognizable, if at all, under 28 U.S.C. § 2255, Petitioner's available judicial remedy is to seek leave to file a successive petition from the United States Court of Appeals for the Eleventh Circuit. Petitioner can obtain the necessary forms for doing so from the Clerk's Office of the United States Court of Appeals for the Eleventh Circuit in Atlanta, Georgia.[6]

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 Petition in this case be dismissed *without prejudice* and without requiring Respondents to file a return. *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burdens placed on respondents caused by ordering an unnecessary answer or return); Baker v. Marshall, 1995 WL 150451 (N.D. Cal. March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

---

[6]Petitioner should note that the fact that he may be precluded from raising Blakely and/or Booker claims in a § 2255 motion has been held by at least one court not to render a § 2255 petition inadequate or ineffective so as to permit such claims to be raised under § 2241. *See* Phillips v. Jeter, 2005 WL 465160, *1-*2 (N.D. Tex., February 25, 2005)(magistrate judge's Report and Recommendation).

                                Respectfully submitted,

                                S/Robert S. Carr
                                Robert S. Carr
                                United States Magistrate Judge

Charleston, South Carolina

March 24, 2005

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So**

      The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b).

The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992);  Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  *See*  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *   We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant);  Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**